By the Court.
The Findlay Foundry & Machine Company recovered a judgment for $2,037.34 against The Vernonview Glass Company at the May term, 1908, of the Knox common pleas. Subsequently William D. McCaughey was appointed and qualified as receiver of the Foundry & Machine Company, and, in December, 1908, brought suit against the Glass Company as an insolvent corporation and all of its stockholders who were discovered, among whom were the five original incorporators, tb enforce payment of the amount remaining unpaid on his judgment, the suit, being brought in behalf of the receiver and all other creditors. Judgment was rendered for. plaintiff in the common pleas. On appeal to the circuit court a like judgment was rendered. This proceeding is brought to reverse the judgment of the circuit court.
The circuit court made a finding of facts from which it appears that the Glass Company was duly incorporated under the laws of Ohio, with an authorized capital stock of $65,000, and that the defendants named were incorporators thereof; that four of the defendants had each subscribed for $50, being one share of the capital stock; that no part of the subscriptions were paid, and that the Glass Company was insolvent. No part of the capital stock was ever paid into the treasury of the company. The court found that the incorporators were liable as guarantors to the plaintiff, who was the sole creditor of the Glass Company, for as much of his claim, interest and costs as should not'be paid by the Glass Company and the stockholders, and entered judgment accordingly.
*299 It is contended by the plaintiffs in error that in the. original suit against the Glass Company jurisdiction was not obtained of that company, it being claimed that service was made on one Edgar Berry as the duly elected president of the company* whereas it was claimed that, in fact, no president had been elected. As to this, it is sufficient to say that it appears from the record that the service on the Glass Company was not attacked or questioned in the original action in any manner. On the contrary, that company filed an answer in which it admitted that it was a corporation duly organized under the laws of Ohio, and proceeded to set up matters of defense to the action. This was a general appearance by the defendant, and amounted to a waiver of service.
It is also insisted that the circuit court erred in entering judgment against the incorporators, because it is claimed that no certificate of the subscription of ten per cent, of the capital stock of The Vernonview Glass Company was ever signed by the incorporators and filed with the secretary of state. As already stated, the court found in the original case, and also in the subsequent equity case, that The Vernonview Glass Company was a corporation- duly created and organized under the laws of Ohio, and that it became indebted as such to the Foundry & Machine Company in the amount stated. In such circumstances the presumption is that the organization was made in accordance with legal requirements.
But it is contended by plaintiffs in error that this finding and judgment can create no presumption that anything more was done than was neces *300 •sary to legally organize the company. That is, that under Section 8633, General Code, ten per cent, of the capital stock was subscribed, of which portion, ten per cent., or $650, was payable at the time of the subscription, and that under Section 8634, General Code, the liability of the incorporators is for the amount of any deficiency in the payment of ten per cent, on the stock subscribed, and, therefore, could not exceed $650. \
However that may be, in a case in which the question is presented, it cannot avail plaintiffs here. The statute, as it stood at the time of the occurrence of the transactions involved in this proceeding, was included in Section 3244, Revised Statutes, and provided that as soon as ten per cent, of the capital stock was subscribed, the subscribers to the articles of incorporation, or a majority of them, should so certify in writing to the secretary of state, and also contained the provision: “The incorporators of the company shallf be liable to any person affected thereby to the! amount'of any deficiency in the actual payment of j said ten per cent, at the time of so certifying.” j In Hessler v. Cleveland Punch & Shear Works Co., 61 Ohio St., 621, it was held that the liability of the incorporators under Section 3244, Revised Statutes, is for the amount of any deficiency in the actual payment of ten per cent, of the authorized capital stock of the corporation at the time, of their certifying as therein provided, and not merely one-tenth of that amount. In the opinion it is stated that the incorporators are, in effect, made guarantors of the corporation to that amount. The duty of the incorporators, as to the filing of *301 the certificates and their liability with respect thereto, is, in addition to the personal liability of .each stockholder, to pay for the stock subscribed ■by him..
The constitution confers upon the legislature authority to provide means to secure the creditors of a corporation. Such provisions are necessary to insure good faith and to secure, protection to .persons dealing with such organizations.
The judgment of the court below will be affirmed. ■ -

Judgment affirmed.

Johnson, Donahue, Wanamaker, Newman and Wilkin, JJ., concur.